```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
KEVIN L. BRINSON, JR.,                          :
                Plaintiff,                      :
                                                :       MEMORANDUM OPINION
v.                                              :       AND ORDER
                                                :
SGT. CURTIN; C.O. HIENO; and FISHKILL           :       18 CV 7626 (VB)
SUPERINTENDENT LEROY FIELDS,                    :
                Defendants.                     :
--------------------------------------------------------------x
```

Briccetti, J.:

Plaintiff Kevin L. Brinson, Jr., proceeding pro se and in forma pauperis, brings this 42 U.S.C. § 1983 action alleging defendants Sergeant ("Sgt.") Curtin, Correctional Officer ("C.O.") Hieno, and Fishkill Correctional Facility Superintendent ("Supt.") Leroy Fields violated plaintiff's constitutional rights during his incarceration at Fishkill.[1]

Before the Court is Supt. Fields's motion to dismiss the amended complaint as against him pursuant to Rule 12(b)(6). (Doc. #16). Sgt. Curtin and C.O. Hieno answered the amended complaint on March 22, 2018. (Doc. #17).

For the reasons set forth below, Supt. Fields's motion is GRANTED.

The Court has subject matter jurisdiction under 28 U.S.C. § 1331.

## BACKGROUND

In deciding the pending motion, the Court accepts as true all well-pleaded allegations in the amended complaint and draws all reasonable inferences in plaintiff's favor, as set forth below.

---

[1] C.O. Hieno was sued as "C.O. Heino." and Supt. Fields was sued as "N.Y.S.D.O.C.C.S. Fishkill Superintendent."

1

On August 4, 2017, plaintiff alleges that during a cell search, Sgt. Curtin and C.O. Hieno sprayed plaintiff with "O.C. spray,"[2] handcuffed him, repeatedly hit him in the head, and threw him down a flight of stairs. (Doc. #3 ("Am. Compl.") at 2–3).[3] According to plaintiff, he lost a tooth, received two black eyes, and injured his back, leg, ankle, and face in the alleged assault.

Plaintiff alleges Supt. Fields "should have known" that the force used by Sgt. Curtin and C.O. Hieno was unnecessary, and that Supt. Fields "should have taken action" against them. (Am. Compl. at 4).

Plaintiff attaches the following correspondence to his amended complaint but makes no allegations concerning the documents:

- A September 19, 2017, letter from plaintiff to Supt. Fields, in which plaintiff alleges Supt. Fields "pushed [plaintiff's] complaint down to" Dep. Ubanski "to investigate." (Am. Compl. at 20).

- An October 24, 2017, letter from plaintiff to Supt. Fields, in which plaintiff asks for an update on the investigation into the alleged assault. (Id. at 19).

- An October 30, 2017, letter from Supt. Fields to plaintiff, in which Supt. Fields acknowledges receipt of plaintiff's October 24, 2017, letter, and notes plaintiff's allegations concerning the assault have been forwarded to the Office of Special investigation for review and plaintiff's request for documentation has been forwarded to the facility FOIL officer for review. (Id. at 11).

Plaintiff also alleges unnamed Fishkill officials interfered with plaintiff's legal mail and denied him access to the law library.

---

[2] Plaintiff is presumably referring to oleoresin capsicum spray, also known as pepper spray.

[3] "Am. Compl. at __" refers to page numbers automatically assigned by the Court's Electronic Case Filing System.

2

**DISCUSSION**

I.     Legal Standard

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under the "two-pronged approach" articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). First, a plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus insufficient to withstand a motion to dismiss. Id. at 678; Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010). Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility." Ashcroft v. Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 554, 564 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

The Court must liberally construe submissions of pro se litigants, and interpret them "to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citation omitted). Applying the pleading rules permissively is particularly appropriate when, as here, a pro se plaintiff alleges civil rights violations. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008). "Even in a pro se case, however . . . threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements, do not suffice." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks and citation omitted). Nor may the Court "invent factual allegations" plaintiff has not pleaded. Id.

II. Personal Involvement

Supt. Fields argues plaintiff fails to allege Fields's personal involvement in any constitutional violation.

The Court agrees.

Plaintiff must allege each defendant's personal involvement in the claimed constitutional violation. See Spavone v. N.Y. State Dep't of Corr. Servs., 719 F.3d 127, 135 (2d Cir. 2013). In other words, a plaintiff bringing a Section 1983 claim "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. at 676. A defendant may not be held liable under Section 1983 solely because that person employs or supervises a person who violated the plaintiff's rights. See id.

A plaintiff can sufficiently state the personal involvement of a supervisory defendant by alleging that:

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that unconstitutional acts were occurring.

Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995).[4] An official's receipt of a letter or his delegation to another individual or group for response or investigation does not give rise to the

---

[4] The Second Circuit has noted, without deciding, that all five types of liability articulated in Colon v. Coughlin may not have survived the Supreme Court's holding in Ashcroft v. Iqbal. See Reynolds v. Barrett, 685 F.3d 193, 205 n.14 (2d Cir. 2012). Because plaintiff fails to allege

4

official's personal involvement in the underlying allegations. <u>Lloyd v. City of New York</u>, 43 F. Supp. 3d 254, 268 (S.D.N.Y. 2014) (collecting cases).

Here, plaintiff fails to allege facts suggesting Supt. Fields was involved in the alleged constitutional violations. It is well-settled that Supt. Fields cannot be held liable simply because he is in a position of authority at Fishkill or because he received plaintiff's letter and referred inquiry of the alleged assault to Department of Correction and Community Supervision's Office of Special Investigation or a subordinate. Therefore, plaintiff fails plausibly to allege Supt. Fields's personal involvement as required for a Section 1983 claim.

Accordingly, plaintiff's claims against Supt. Fields are dismissed.

## CONCLUSION

Supt. Fields's motion to dismiss is GRANTED.

The Clerk is directed to (i) terminate the pending motion (Doc. #16), and (ii) terminate defendant N.Y.S. D.O.C.C.S. Fishkill Superintendent.

Plaintiff's remaining claims shall proceed against Sgt. Curtin and C.O. Hieno.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore <u>in forma pauperis</u> status is denied for the purpose of an appeal. See <u>Coppedge v. United States</u>, 369 U.S. 438, 444–45 (1962).

Dated: August 26, 2019
       White Plains, NY

                              SO ORDERED:

                              Vincent L. Briccetti
                              United States District Judge

---

liability under any theory, the Court need not address which <u>Colon</u> factors survive <u>Iqbal</u>.