```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
KEVIN L. BRINSON, JR.,                         :
                Plaintiff,                     :
                                               :         OPINION AND ORDER
v.                                             :
                                               :         18 CV 7626 (VB)
SGT. CURTIN and C.O. HIENO,                    :
                Defendants.                    :
--------------------------------------------------------------x
```

Briccetti, J.:

Plaintiff Kevin L. Brinson, Jr., proceeding pro se and in forma pauperis, brings this 42 U.S.C. § 1983 action alleging defendants Sergeant ("Sgt.") Curtin and Correctional Officer ("C.O.") Hieno violated plaintiff's constitutional rights during his incarceration at Fishkill Correctional Facility ("Fishkill").[1]

Before the Court is defendants' motion for summary judgment. (Doc. #39).

For the reasons set forth below, defendants' motion is GRANTED.

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

## BACKGROUND

Defendants have submitted briefs, declarations with exhibits, and a statement of material facts pursuant to Local Civil Rule 56.1, which, along with plaintiff's amended complaint and opposition to the instant motion, reflect the following factual background.

Plaintiff alleges that on August 4, 2017, during a cell search, Sgt. Curtin and C.O. Hieno sprayed plaintiff with "O.C. spray,"[2] handcuffed him, repeatedly hit him in the head, and threw

---

[1] C.O. Hieno was sued in the amended complaint as "C.O. Heino." (See Doc. #3 ("Am. Compl.")).

[2] Plaintiff is presumably referring to oleoresin capsicum spray, also known as pepper spray.

1

him down a flight of stairs.  (Am. Compl. at ECF 2–3).[3]  According to plaintiff, he lost a tooth, suffered two black eyes, and injured his back, leg, ankle, and face in the alleged assault.  He also alleges he suffered an asthma attack during the incident.

Plaintiff claims that following the August 4 incident, he was placed in the Solitary Housing Unit ("SHU").  He alleges that while in SHU, his law library slips and "grievances were not going out."  (Am. Compl. at ECF 3).  However, he also alleges that he "filed [his] grievance while in the SHU."  (Id. at ECF 5).  Plaintiff says he submitted a grievance regarding the August 4 incident to the Inmate Grievance Resolution Committee ("IGRC"), the facility Superintendent, and the Department of Corrections and Community Supervision ("DOCCS"), Central Office Review Committee ("CORC").  (See id.).  During his deposition, plaintiff testified he submitted the grievance on August 11, 2017.  (See Doc. #41 ("Johannesen Decl.") Ex. 1 ("Pl. Dep.") at ECF 36–37).

In October 2017, plaintiff was transferred from Fishkill to Marcy Correctional Facility ("Marcy").

Defendants insist no grievance was filed at either Fishkill or Marcy.  Defendants argue the documentary record appended to plaintiff's amended complaint shows on September 11, 2017, plaintiff requested additional time to file a grievance.  (See Doc. #3-1 at ECF 10).  Moreover, defendants assert neither the Fishkill Inmate Grievance Program ("IGP"), the Marcy IGP, nor CORC have records of plaintiff's grievance respecting the August 4 incident.

---

[3]   "Doc. #__ at ECF __" refers to page numbers automatically assigned by the Court's Electronic Case Filing system.

2

**DISCUSSION**

I.  Legal Standard

The Court must grant a motion for summary judgment if the pleadings, discovery materials before the Court, and any affidavits show there is no genuine issue as to any material fact and it is clear the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

A fact is material when it "might affect the outcome of the suit under the governing law . . . .  Factual disputes that are irrelevant or unnecessary" are not material and thus cannot preclude summary judgment.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).[4]

A dispute about a material fact is genuine if there is sufficient evidence upon which a reasonable jury could return a verdict for the non-moving party.  See Anderson v. Liberty Lobby, Inc., 477 U.S. at 248.  The Court "is not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried."  Wilson v. Nw. Mut. Ins. Co., 625 F.3d 54, 60 (2d Cir. 2010).  It is the moving party's burden to establish the absence of any genuine issue of material fact.  Zalaski v. City of Bridgeport Police Dep't, 613 F.3d 336, 340 (2d Cir. 2010).

If the non-moving party has failed to make a sufficient showing on an essential element of his case on which he has the burden of proof, then summary judgment is appropriate.  Celotex Corp. v. Catrett, 477 U.S. at 323.  If the non-moving party submits "merely colorable" evidence, summary judgment may be granted.  Anderson v. Liberty Lobby, Inc., 477 U.S. at 249–50.  The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts, and may not rely on conclusory allegations or unsubstantiated speculation."

---

[4]  Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

Brown v. Eli Lilly & Co., 654 F.3d 347, 358 (2d Cir. 2011).  The mere existence of a scintilla of evidence in support of the non-moving party's position is likewise insufficient; there must be evidence on which the jury could reasonably find for him.  Dawson v. County of Westchester, 373 F.3d 265, 272 (2d Cir. 2004).

On summary judgment, the Court construes the facts, resolves all ambiguities, and draws all permissible factual inferences in favor of the non-moving party.  Dallas Aerospace, Inc. v. CIS Air Corp., 352 F.3d 775, 780 (2d Cir. 2003).  If there is any evidence from which a reasonable inference could be drawn in favor of the non-moving party on the issue on which summary judgment is sought, summary judgment is improper.  See Sec. Ins. Co. of Hartford v. Old Dominion Freight Line, Inc., 391 F.3d 77, 82–83 (2d Cir. 2004).  In deciding a motion for summary judgment, the Court need only consider evidence that would be admissible at trial.  Nora Beverages, Inc. v. Perrier Grp. of Am., Inc., 164 F.3d 736, 746 (2d Cir. 1998).

II.  Exhaustion

Defendants argue they are entitled to summary judgment because plaintiff did not properly exhaust his administrative remedies.

The Court agrees.

A.  Legal Standard

Under the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under . . . Federal law[] by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  Porter v. Nussle, 534 U.S. 516, 532 (2002).  Furthermore,

the PLRA requires "proper exhaustion[,] . . . which means using all steps that the agency holds out, and doing so properly." Woodford v. Ngo, 548 U.S. 81, 90 (2006).

For a New York state prisoner to exhaust his claim, he must comply with the three steps of New York's IGP by (i) submitting a complaint to the clerk of the IGRC within twenty-one days of the alleged incident, (ii) appealing the decision to the superintendent within seven days of the committee's response, and (iii) appealing to CORC within seven days of the superintendent's response. N.Y. Comp. Codes R. & Regs. tit. 7, § 701.5.

Informal resolutions or relief outside the administrative procedures do not satisfy the exhaustion requirement. See Macias v. Zenk, 495 F.3d 37, 43 (2d Cir. 2007). Moreover, even when an inmate does not receive a response to a grievance, the inmate must still appeal to the next level of review. Khudan v. Lee, 2015 WL 5544316, at *5 (S.D.N.Y. Sept. 17, 2015).[5]

On a motion for summary judgment, a defendant has the burden of demonstrating the plaintiff's failure to exhaust. Hubbs v. Suffolk Cty. Sheriff's Dep't, 788 F.3d 54, 59 (2d Cir. 2015). A defendant can meet that burden by submitting evidence that a grievance process exists and applies to the underlying dispute. Id. If the defendant contends the plaintiff failed to properly exhaust, the defendant can submit evidence regarding the lack of grievances filed. Chambers v. Johnpierre, 2016 WL 5745083, at *7 (D. Conn. Sept. 30, 2016).

To withstand summary judgment, a plaintiff must offer more than conclusory allegations that he properly exhausted his administrative remedies. See, e.g., Bennett v. James, 737 F. Supp. 2d 219, 226 (S.D.N.Y. 2010), aff'd, 441 F. App'x 816 (2d Cir. 2011) (summary order) (granting summary judgment on exhaustion grounds when plaintiff provided only "conclusory

---

[5]   Because plaintiff is proceeding pro se, he will be provided with copies of all unpublished opinions cited in this ruling. See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

allegations"). Indeed, a plaintiff's "bald assertions unsupported by evidence" that he exhausted all available remedies "are insufficient to overcome a motion for summary judgment, even for a pro se plaintiff." See Rodriguez v. Hahn, 209 F. Supp. 2d 344, 348 (S.D.N.Y. 2002). Further, such assertions, when contradicted by plaintiff's own testimony, are insufficient to survive a motion for summary judgment. See Hayes v. N.Y.C. Dep't of Corrections, 84 F.3d 614, 619 (2d Cir. 1996) (a non-movant cannot create a question of fact sufficient to defeat summary judgment by submitting an affidavit that contradicts prior sworn testimony).

A prisoner's duty to exhaust may be excused only when: (i) an administrative remedy "operates as a simple dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates"; (ii) "an administrative scheme might be so opaque that it becomes, practically speaking, incapable of use" with rules "so confusing that . . . no reasonable prisoner can use them"; or (iii) "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." Ross v. Blake, 136 S. Ct. 1850, 1859–60 (2016).

B.    Application

There is no genuine material dispute of fact respecting whether plaintiff properly exhausted the grievance procedure. Although plaintiff testified he submitted a grievance to the IGRC concerning the August 4 incident, there are no DOCCS records indicating he did so, and no DOCCS records indicating plaintiff appealed to CORC. Indeed, defendants have presented credible evidence that there are no records of plaintiff filing a grievance, at either Fishkill or Marcy. (See Johannesen Decl. Ex. 2 ("Reams Decl.") ¶ 9; and Ex. 3 ("Pfendler Decl.") ¶ 8). Defendants have also presented credible evidence that there is no record of plaintiff's appeal to CORC related to the August 4 incident. (Id. Ex. 4 ("Seguin Decl.") ¶ 7). Accordingly,

defendants have met their burden to show plaintiff failed to exhaust his administrative remedies. See Hubbs v. Suffolk Cty. Sheriff's Dep't, 788 F.3d at 59.

Plaintiff's statements that he exhausted his administrative remedies and that such administrative remedies were unavailable—are both conclusory and contradictory. In his amended complaint, deposition, and opposition to the instant motion, plaintiff stated he properly exhausted his grievance with the IGRC, the facility superintendent, and CORC. (See, e.g., Am. Compl. at ECF 5; Pl. Dep. at ECF 55–57; Doc. #47 ("Pl. Mem.") at ECF 2). However, in a letter dated September 11, 2017—more than twenty-one days after the August 4 incident—plaintiff writes, "I'm writing for the second time since I haven't heard back from the committee. I'm asking that the committee grant me extra days to file my complaint due to all the issues I explained in my grievance which I am send [sic] again with this notice." (Doc. #3-1 at ECF 10). And in another letter attached the amended complaint, dated October 24, 2017, plaintiff writes to the IGRC:

> I understand that it is past the 21 Calendar days. Directive 4040 states I have the right to ask for a late grievance once I have a chance to proceed. The administrative process was 'unavailable' once staff denied access to the administrative process by engaging in 'machination intimidation.' By blocking my mail from going out and stoping [sic] my grievances from going to the IGRC committee in Fishkill.

(Am. Compl. at ECF 18).

Although plaintiff does not supply records indicating that he submitted a grievance to the IGRC either on August 11—as he testified at his deposition—or after he wrote these letters, he does provide copies of other complaints and letters written during the same time period. See Moreau v. Peterson, 672 F. App'x 119, 120 n.1 (2d Cir. 2017) (summary order) (dicta) (finding inconsistent plaintiff's claim he was unable to file some grievances but not others). Indeed, plaintiff has not produced copies of the grievance and alleged denials from the IGRC, the facility

7

superintendent, and CORC, despite defendants' discovery requests.  (Johannesen Decl. ¶¶ 7–9 & Ex. 5).  And to the extent plaintiff suggests that letters he sent outside the IGP are proof of exhaustion—e.g., plaintiff's letter to the Legal Aid Society (see, e.g., Doc. #3-1 at ECF 1)—such letters do not satisfy the exhaustion requirement.  See Macias v. Zenk, 495 F.3d at 43.

      Plaintiff also claims, with no supporting evidence, that administrative remedies were unavailable because someone was "messing with his mail" and because "there was no response back by the grievance" committee.  (Pl. Mem. at ECF 2).  Plaintiff's only support for these accusations is his own testimony.  Even assuming, as the Court must, that plaintiff's own statements are true, and he did not hear back from the IGRC after filing his grievance on August 11, plaintiff has failed to demonstrate that administrative remedies were unavailable because he was still required, and did not, appeal his grievance to the next level of review.  See Khudan v. Lee, 2015 WL 5544316, at *5.  Under such circumstances, "there is not a sufficient basis in the record to find that administrative remedies were unavailable."  Litchmore v. Williams, 2013 WL 3975956, at *7 (S.D.N.Y. Aug. 5, 2013).

      Plaintiff's own bald assertions—that he properly exhausted the grievance process and that such process was unavailable—are both contradictory and conclusory.  Such statements, absent evidence of exhaustion, are insufficient to raise a genuine material dispute of fact as to whether plaintiff properly exhausted his claims.  See Rodriguez v. Hahn, 209 F. Supp. 2d at 348.

      Accordingly, because the evidence demonstrates that plaintiff did not properly exhaust his administrative remedies as required by the PLRA, and no grounds exist for excusing that failure, the Court must grant defendants' motion for summary judgment for failure to exhaust.[6]

---

[6] For the above reasons, the Court need not hold an evidentiary hearing to resolve defendants' motion.

**CONCLUSION**

Defendants' motion for summary judgment is GRANTED.

The Clerk is directed to terminate the pending motion (Doc. #39) and close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

Dated: May 12, 2020
      White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge